IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN W. BOHN, # 08570-025, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01389-JPG |
| DR. MUNNEKKE and CAPTAIN STICKLES, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jonathan Bohn is a federal inmate who filed this action while incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He asserts a single claim against two USP-Marion officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for subjecting him to unconstitutional conditions of confinement. (Doc. 1, p. 6). Plaintiff seeks "proper placement" and monetary relief. (*Id*. at p. 7).

In the Complaint, Plaintiff alleges that the defendants placed him on suicide watch in September 2019, after he swallowed a razor, and in November 2019, when he sliced open his arms and swallowed a broken battery. (*Id*. at p. 6). Plaintiff challenges his placement on suicide watch, a one-week denial of shower access, and a two-week denial of mail each time. He claims that these deprivations amounted to cruel and unusual punishment in violation of the Eighth Amendment. (*Id*.).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

**Count 1:** Eighth Amendment claim against Defendants for responding to Plaintiff's suicide attempts in September 2019 and November 2019 with deliberate indifference.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

To state an Eighth Amendment claim, Plaintiff must allege that he suffered from an objectively, sufficiently serious harm and that the defendants acted with deliberate indifference to his health or safety. *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted)). A suicide attempt presents an obvious serious harm. *Kupsky*, 748 F. App'x at 76 (citing *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)). Deliberate indifference occurs when a prison official is aware that a prisoner "may imminently seek to take his own life and . . . fail[s] to take reasonable steps to prevent the inmate from performing this act." *Id.* at 76 (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (internal quotation marks omitted)). In this context, deliberate indifference amounts to "something approaching total unconcern for the prisoner's welfare in the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

face of serious risks." *Broadfield v. McGrath*, 737 F. App'x 773 (7th Cir. 2018) (citation omitted). Plaintiff complains that the defendants placed him on suicide watch after he swallowed a razor in September 2019 and swallowed a battery and cut his arms in November 2019. Defendants' conduct does not amount to deliberate indifference. This is a perfectly acceptable response to Plaintiff's conduct. The temporary denial of a shower and mail access does not lead the Court to conclude otherwise.

The Complaint fails to state a claim upon which relief may be granted and shall therefore be dismissed without prejudice. Plaintiff may replead his claim(s), if he wishes to do so. However, he must comply with the deadline and instructions in the below disposition.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 7, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01389-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/9/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**