## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN W. BOHN, # 08570-025, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-01389-JPG |
| DR. MUNNEKKE and CAPTAIN STICKLES, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On December 23, 2019, Plaintiff Jonathan Bohn filed this action against two officials at the United States Penitentiary located in Marion, Illinois, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed the Complaint without prejudice. (Doc. 13).

Plaintiff was granted leave to file a First Amended Complaint on or before May 7, 2020. (Doc. 13). However, he was warned that the action would be dismissed with prejudice, if he failed to do so by the deadline. (*Id*. at 3). He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id*.). Plaintiff missed the deadline for filing the First Amended Complaint, and he did not request an extension.

On June 17, 2020, the Court entered a Notice of Impending Dismissal that extended the deadline until July 6, 2020. (Doc. 15). Plaintiff was again warned that failure to comply with the Order would result in dismissal of the action with prejudice and a "strike." (*Id*.).

1

Plaintiff also missed the extended deadline. A week has passed since it expired. He still has not requested an extension. Plaintiff's mail has also been returned to the Court undeliverable. (Docs. 11, 12, and 14).

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Orders (Docs. 13 and 15) to file a First Amended Complaint and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders to file a First Amended Complaint (Docs. 13 and 15) and prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 14, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
